IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECIL DAWSON,

    Plaintiff,

vs.

P. IELACQUA et al.,

    Defendants.

CIVIL NO. 02-113 LFG/WWD-ACE

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEFENDANT IELACQUA'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant P. Ielacqua's Motion to Dismiss Count XVII (Abuse of Process) and Count XIX (Intentional Infliction of Emotional Distress)[Doc. 27]. P. Ielacqua ("Ielacqua"), a governmental employee, seeks dismissal of these claims arguing that immunity has not been specifically waived for these torts.

Plaintiff Cecil Dawson ("Dawson") seeks to bring both counts as common law torts under the Tort Claims Act, NMSA 1978, § 41-4-1 to 29.

### Analysis

Section 41-4-2 of the Tort Claims Act provides in part: "[I]t is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act . . . ." Further, the Act provides in § 41-4-4 that governmental entities and public employees, while acting within the scope of their duties, shall be immune from

liability from any tort except as specifically waived by the Act. Begay v. State, 104 N.M. 483, 487 723 P.2d 252, 255 (Ct. App. 1985), *rev'd on other grounds*, Smialek v. Begay, 104 N.M. 375, 721 P.2d 1306 (1986); Tompkins v. Carlsbad Irrigation Dist., 96 N.M. 368, 369, 630 P.2d 767, 768 (Ct. App. 1981). Dawson's tort claims against a governmental entity or public employee must come within one of the exceptions to the immunity granted by the Tort Claims Act, or the cause of action may not be maintained.

Dawson seeks to assert a claim of intentional infliction of emotional distress. While this tort is recognized by New Mexico law, Coates v. Wal-Mart Stores, Inc., 127 N.M. 47, 57, 976 P.2d 999, 1009 (1999), it may not be brought against a governmental entity or public employee unless the Legislature specifically waived immunity. *See, e.g.*, Romero v. Otero, 678 F. Supp. 1535, 1540 (D. N.M. 1987)(New Mexico's Tort Claims Act did not waive immunity of law enforcement officers for intentional infliction of emotional distress); Botello v. Las Vegas Med. Center, No. 91-818, slip op. (D.N.M. July 27, 1993) (*prima facie* tort, loss of consortium, and intentional infliction of emotional distress dismissed because "the claims are based on intentional torts for which the New Mexico Tort Claims Act does not generally waive immunity."); Ramer v. Place-Gallegos, 118 N.M. 363, 366-67, 881 P.2d 723, 726-27 (Ct. App. 1994), *overruled on other grounds*, Spectron Dev. Lab. v. Am. Hollow Boring Co., 123 N.M. 170, 178, 936 P.2d 852, 860 (Ct. App. 1997)(sexual harassment and invasion of privacy are not among the enumerated torts for which immunity has been waived).

Finding that the New Mexico Legislature did not waive immunity for intentional infliction of emotional distress, the Court grants Ielacqua's motion to dismiss Count XIX.

Ielacqua also seeks dismissal of the malicious abuse of process charge as set out in Count XVII. However, this cause of action, unlike the intentional infliction of emotional distress, was

2

previously recognized as two separate causes of action for which immunity was waived-- malicious prosecution and abuse of process.

In 1997, the New Mexico Supreme Court combined these causes of action and recast them under the heading, malicious abuse of process. Devaney v. Thriftway Mktg. Corp., 124 N.M. 512, 953 P.2d 277 (1997). These separate torts were combined into a new cause of action because the distinction between the two had blurred and "there is no longer a principled reason for characterizing these two forms of misuse of process as separate causes of action." Id. at 518. The newly named cause of action, malicious abuse of process, combines the elements of two previous causes of action for which immunity was indeed waived. Thus, unlike a judicially created cause of action which had not previously been recognized by law and for which immunity was not waived, the Supreme Court in Devaney did not create out of whole cloth a new cause of action, but combined two previously existing causes of action.

In effect, the Supreme Court took a similar approach in recasting libel and slander into a new category simply defined as "defamation." That decision, as in Devaney, was also reached because the distinctions between libel and slander had become blurred and were no longer useful. Reed v. Melnick, 81 N.M. 608, 612, 471 P.2d 178, 182 (1970), *overruled on other grounds*, Marchiondo v. Brown, 98 N.M. 934, 649 P.2d 462 (1982); Newberg v. Allied Stores, Inc., 108 N.M. 424, 429, 773 P.2d 1231, 1236 (1989); U.J.I. Civ. 13-1001 (Committee Comment).

The Court finds that the New Mexico Legislature did specifically waive immunity for malicious prosecution and abuse of process, and that those two separate causes of action have now been combined into one cause of action, malicious abuse of process, and that immunity has been

waived for this cause of action. Accordingly, Ielacqua's motion to dismiss Count XVII is denied.

_____
Lorenzo F. Garcia
United States Magistrate Judge