FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUL 24 2002

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECIL DAWSON,

    Plaintiff,

vs.

CIVIL NO. 02-113 LFG/WWD-ACE

P. IELACQUA et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CHAVEZ' MOTION FOR JUDGMENT ON THE PLEADINGS

THIS MATTER is before the Court on Defendant B.A. Chavez' Motion for Judgment on the Pleadings [Doc. 38]. B.A. Chavez ("Chavez), Chief Clerk of the Metropolitan Court, brings her motion pursuant to Fed. R. Civ. P. 12(c).

### Judgment on the Pleadings

Motions brought pursuant to Rule 12(c) are considered in the same manner as a court would view motions brought under Rule 12(b)(6). That is, the Court will accept as true all well-pleaded material allegations of the non-moving party, but will grant a 12(c) judgment if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. United States v. Any and All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000), *cert. denied sub nom* Fried v. United States, 531 U.S. 1071, 121 S. Ct. 761 (2001). A judgment on the pleadings is warranted if it appears beyond doubt that the plaintiff will be unable to prove any facts to support the alleged claims for relief. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999).



## Dawson's Allegations

Of the twenty-two causes of action contained in Plaintiff Cecil Dawson's ("Dawson") *pro se* complaint, only the XVIII and XIX causes of action relate to Chavez. In the XVIII cause of action, Dawson states that a few days after October 2, 2001, the last date for him to appear in response to citations issued to him, Chavez sent him two summonses for failure to appear. (Complaint, ¶ 14 and 76). He further contends that although Chavez issued him two summonses, no complaint charging him with a misdemeanor offense of failure to appear was ever filed. (Complaint, ¶ 72).

Additionally, in Count XIX, Chavez is included among the group of Defendants whom Dawson contends intentionally inflicted emotional distress on him.

## Analysis

Even accepting Dawson's allegations as true, he has simply failed to state an actionable claim against Chavez. It is clear from a review of the pleadings that Chavez' only involvement in this matter arose out of her responsibilities as a clerk of the court and her issuance of a legal summons directing that Dawson appear in court.

In Whitesel v. Sengenberger, 222 F.3d 861, 869 (10th Cir. 2000), the Tenth Circuit held that, "those performing ministerial acts at the direction of a judge are also entitled to absolute immunity." In Whitesel, a Pretrial Services officer who signed and delivered temporary restraining orders pursuant to judicial directives was afforded absolute immunity, even though the TROs were procedurally invalid. The Circuit noted that the judicial process is better served by allowing correction of errors through the judicial process, as opposed to exposing judicial personnel to liability.

Thus, accepting as true Dawson's allegations in paragraph 18, they simply do not rise to any actionable claim against Chavez.

The same is true for cause of action XIX. Chavez is a public employee. Section 41-4-2 of New Mexico's Tort Claims Act provides in part, "[I]t is declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act . . . ." The Act provides in § 41-4-4 that governmental entities and public employees, while acting within the scope of their duties, shall be immune from liability for any tort except as specifically waived by the Act. Begay v. State, 104 N.M. 483, 487, 723 P.2d 252, 255 (Ct. App. 1985), *rev'd on other grounds*, Smialek v. Begay, 104 N.M. 375, 721 P.2d 1306 (1986).

Thus, Dawson's cause of action against Chavez as a public employee must fit within one of the exceptions to the immunity granted by the Tort Claims Act, or it may not be maintained. The New Mexico State Legislature has not waived immunity for the tort of intentional infliction of emotional distress. In the absence of a waiver, this cause may not be prosecuted against a public employee.

The Court concludes that Dawson's pleadings as they relate to Chavez, even if accepted as true, do not state a cause of action, because Chavez is immune from liability for her actions taken as the Chief Clerk of the Court, as the State has not waived immunity for Dawson's intentional infliction of emotional harm claim.

*/signature/*
Lorenzo F. Garcia
United States Magistrate Judge