IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECIL DAWSON,

        Plaintiff,

vs                              No. CIV 02-113 LFG/WWD-ACE

P. IELACQUA, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT CHAVEZ'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

THIS MATTER comes before the Court on several motions concerning the fate of Defendant B.A. Chavez ("Chavez") as a continued defendant in this case.

### Allegations of the Complaint

On January 31, 2002, Plaintiff Cecil Dawson ("Dawson") filed, *pro se*, a Complaint for Damages and Declaratory Relief - Civil Rights Violations, Civil RICO, State Torts, Request for Jury Trial [Doc. 1]. In his complaint, Dawson alleged 22 causes of action against various police officers, the City of Albuquerque, a towing company, and Defendant B.A. Chavez ("Chavez"), chief clerk of the Metropolitan Court in Albuquerque, in her individual and official capacities.

Dawson's complaint arises from incidents having their origin in a traffic stop which occurred on September 25, 2001. Dawson alleges, among other things, that the seizure of his vehicle was illegal, that he was subjected to excessive force during the traffic stop which caused him to suffer a heart attack on the scene, that his vehicle was illegally towed, and that Chavez later compounded his problems by issuing invalid summonses with respect to the citations.

The officer who made the stop issued two traffic citations to Dawson. Dawson states in his complaint that, "[a]fter seizing plaintiff, defendant Ielacqua issued traffic citations, which plaintiff signed. The citations alleged violations of New Mexico state traffic laws, and set the appearance date no later than October 2, 2001." It is undisputed that Dawson did not appear in response to these citations. He asserts that he was unable to appear on or before October 2, 2001, because he was in the hospital during that period undergoing heart bypass surgery and, he further alleges, he was arrested on October 2 upon his release from the hospital. [Doc. 48, at 2 n.3; Complaint, ¶¶ 27-31].

In his Eighteenth Cause of Action, Dawson alleges that, a few days after October 2, 2001, Chavez sent him two summonses based on his failure to appear on the citations. He states that when he did appear in response to these summonses, "the 'failure to appear' claims were summarily dismissed or disregarded." [Complaint, ¶ 73]. He states further that the summonses were issued by Chavez without a criminal complaint having been filed, and the citations themselves were not filed in court until after the October 2, 2001 appearance date. [Complaint, ¶ 76]. He alleges that this sequence of events violated New Mexico law and deprived him of a liberty right under the United States Constitution. [Complaint, ¶ 77]. He also alleges that Chavez's actions constitute "an abuse of process." [Complaint, ¶ 78].

In his Nineteenth Cause of Action, Dawson alleges that Chavez's actions "were intended to inflict, and did inflict emotional distress on plaintiff." [Complaint, ¶ 80].

In his Request for Relief, Dawson asks that the Court enter "judgment against B.A. Chavez declaring the issuance of summonses when no complaint has been filed violates the federal and state constitutions." [Complaint, Request for Relief, ¶ 5]. This is his sole request for relief against Defendant Chavez; he seeks no damages against her. [Id.; Initial Pretrial Report, Doc. 24, at 2].

**Discussion**

On July 2, 2002, Chavez filed a Motion for Judgment on the Pleadings [Doc. 38], arguing that Dawson failed to state a claim against Chavez for violation of his constitutional rights and failed to state a claim against her for abuse of process. Dawson filed a response [Doc. 47] to this motion. No reply had been filed prior to the time the Court ruled on the motion. Although in her motion Chavez asked the Court to dismiss her entirely as a defendant, she made no argument with regard to Count 19, Dawson's claim that Chavez intentionally inflicted emotional distress on him.

On July 24, 2002, the Court entered its order [Doc. 50], granting Chavez's motion for judgment on the pleadings, ruling that Chavez is entitled to absolute immunity for her actions as chief clerk of the Metropolitan Court, citing Whitesel v. Sengenberger, 222 F.3d 861, 869 (10th Cir. 2000). The Court dismissed all claims against Chavez, including those raised in Count 18 (constitutional deprivation and abuse of process), and those raised in Count 19 (intentional infliction of emotional distress).

On August 7, Dawson filed a Motion to Reconsider [Doc. 57] the July 24 order, objecting to the ruling on both procedural and substantive grounds. His procedural argument was that, "as a bolt out of the blue," the Court dismissed the claims against Chavez on immunity grounds, when no such grounds had been raised or argued in Chavez's Motion for Judgment on the Pleadings. His substantive argument was twofold: (1) a court clerk is not immune from suit when the relief sought is equitable rather than money damages; and (2) it was error for the Court to state in its ruling that Chavez's involvement in this matter arose from her responsibilities as clerk of the court, as the question whether Chavez acted within the scope of her duties is a disputed issue of fact.

The Court found that Dawson's procedural objection was well taken, "in light of Dawson's

claim that he was denied notice or an opportunity to comment on the Court's analysis," and it therefore withdrew the prior order and gave Dawson 15 days to submit a memorandum of points and authorities in support of his position. [Doc. 61]. The Court also noted that any other party choosing to submit a memorandum commenting on the Court's ruling could do so, in accordance with the time and length requirements set out in the order. Neither Chavez nor any other party filed such a memorandum.

Dawson responded to the Court's order by filing a Memorandum [Doc. 72] In Support of Making Permanent the Court's Withdrawal of its July 23, 2002 Order. In his memorandum, Dawson argued, *inter alia*, that the issue of judicial immunity is not properly before the Court, because Chavez did not raise or argue that defense in her motion for judgment on the pleadings, and it would be unfair for Chavez to be faced with arguing an issue on appeal which she didn't raise in this Court. Dawson also discussed in his memorandum the other issues argued in his Motion to Reconsider.

The Court finds that Dawson's procedural argument is well taken and will therefore make permanent its order [Doc. 61] withdrawing the prior order which granted Chavez's Motion for Judgment on the Pleadings. Chavez chose not to file a memorandum in support of the Court's ruling on quasi-judicial immunity, and the Court is not inclined to impose upon Chavez an obligation to defend the ruling on appeal, if appeal is taken, when Chavez never raised it in her original motion and does not rely on it at this point in the litigation.

Because the Court withdraws its prior ruling on the Motion for Judgment on the Pleadings, that motion remains pending, and the Court will now rule on it.

    A.  <u>Standards for Judgment on the Pleadings</u>

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is considered under the

same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). That is, the claim will not be dismissed unless it is apparent that the plaintiff can prove no set of facts entitling him to relief. The Court does not weigh the evidence but rather assesses whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). In deciding a motion to dismiss, the court will view a *pro se* clamant's pleadings more liberally than those drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972).

In her motion for judgment on the pleadings, Chavez argues, *inter alia*, that Dawson failed to state claims for violation of his constitutional rights. The Court agrees that Dawson has not adequately alleged a constitutional claim against Chavez, and this claim will be dismissed. In addition, for reasons noted below, Dawson's claim for abuse of process, to the extent he brings such claim under state law, and his claim for intentional infliction of emotional distress, will also be dismissed under 28 U.S.C. § 1367(c).

B. Constitutional Claims

Dawson's position is that Chavez deprived him of liberty without due process of law, and committed an abuse of process, by issuing summonses upon his failure to appear when no criminal complaint had been filed charging him with the crime of failure to appear, and at a time when the traffic citations had not been filed in court.

To the extent Dawson alleges a substantive due process violation, the Court rejects this claim under the authority of Taylor v. Meacham, 82 F.3d 1556, 1560 (10th Cir. 1996), which holds that allegations of pretrial deprivations of liberty are governed by the Fourth Amendment proscription

5

against illegal seizure, and that substantive due process standards have no applicability in this situation. If Dawson's allegation of abuse of process is intended to state a claim directly actionable under Section 1983, the Court notes the Tenth Circuit's position that abuse of process does not automatically constitute a denial of due process, and that although such a claim may rise to constitutional dimensions and may therefore be brought under Section 1983, this is the case only "if the misuse of the legal procedure is egregious." Lusby v. T.G.&Y. Stores, 749 F.2d 1423, 1431 (10th Cir. 1984), *vacated on other grounds,* 474 U.S. 805, 106 S. Ct. 40 (1985).

> [O]ur circuit takes the common law elements of malicious prosecution[1] as the 'starting point' for the analysis of a § 1983 malicious prosecution claim, but always reaches the ultimate question, which it must, of whether the plaintiff has proven a *constitutional* violation. Following Albright [v. Oliver, 510 U.S. 266, 114 S. Ct. 807 (1994)], in the § 1983 malicious prosecution context, that constitutional right is the Fourth Amendment's right to be free from unreasonable seizures. [Emphasis in original].

Taylor v. Meacham, 82 F.3d 1556, 1561 (10th Cir. 1996). Under the Fourth Amendment analysis, Dawson was not subjected to an unreasonable seizure, and there was no "egregious misuse" of legal procedures. His constitutional claim for abuse of process must therefore be dismissed.

In dismissing a plaintiff's claims for abuse of process under Section 1983, U.S. District Judge Bruce Black recently ruled:

> malicious prosecution, standing alone, is not a constitutional violation. *See Taylor*, 82 F.3d at 1561. Instead, the act of malicious prosecution must cause a violation of the Fourth Amendment in order to be actionable as a constitutional claim under § 1983. *Id.* The bottom-line question in this case, therefore, is whether a violation of the

---

[1] Plaintiff uses the term "abuse of process" in his complaint. Federal case law uses the term "malicious prosecution" for such claims when they are brought directly under Section 1983. The state law cause of action, which combines the torts of abuse of process and malicious prosecution, is termed "malicious abuse of process." DeVaney v. Thiftway Mktg. Corp., 124 N.M. 512, 953 P.2d 277 (1997).

6

> Fourth Amendment has occurred . . . [N]either Plaintiff was arrested or was deprived of liberty in any way that is constitutionally significant. Each Plaintiff was merely told charges would be filed and they would have to appear in magistrate court. *See Britton v. Maloney*, 196 F.3d 24, 29 (1st Cir. 1999) (absent evidence the plaintiff was arrested, detained, restricted in his travel, or otherwise subjected to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court was not sufficient to establish a seizure within the meaning of the Fourth Amendment).

Weber v. Rio Arriba County, No. Civ. 00-648 BB/KBM, slip op. at 3 (D.N.M. July 24, 2001).

The same is true in this case. Dawson has not alleged facts sufficient to establish a seizure within the meaning of the Fourth Amendment, as the allegations of his complaint do not amount to a claim that he was "deprived of liberty in any way that is constitutionally significant." Id.

Dawson states in his complaint that he signed the traffic citations, that they provided notice that he was to appear in court on October 2, 2001, and that he failed to appear in court on that date. It is true, as Dawson points out, that New Mexico statutes provide that it is a misdemeanor for a person to violate his written promise, given to an officer upon issuance of a traffic citation, to appear in court in response to the citation. N.M.S.A. §§ 66-8-126, 31-1-6(E). However, Dawson was not charged with a crime in connection with his failure to appear, and he has no constitutional right to be charged with a crime. The Metropolitan Court chose to deal with his infraction in a less extreme manner, and they did not infringe his liberty interests in doing so.

Chavez correctly points out that the Court could have issued an arrest warrant for Dawson upon his failure to appear, a procedure authorized in the City Code, at § 8-1-3-9. However, there is no requirement that the Court issue an arrest warrant; it chose instead to notify him of his violation by means of a summons, and the Court did not thereby egregiously misuse the legal process nor

deprive Dawson of his liberty in violation of the constitution.

> Absent any evidence that Britton was arrested, detained, restricted in his travel, or otherwise subject to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court is insufficient to establish a seizure within the meaning of the Fourth Amendment.

Britton, *supra*, at 30.

To the extent Dawson alleges that he was deprived of his liberty without procedural due process, the Court rejects this claim. To state a claim for a procedural due process violation, the plaintiff must allege: (1) that there exists a liberty or property interest which has been interfered with by the State; and (2) that the procedures attendant upon that deprivation were constitutionally insufficient. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460, 109 S. Ct. 1094, 1908 (1989). As discussed above, Dawson's allegations do not rise to the level of a constitutionally protected liberty interest. *See*, DePiero v. City of Macedonia, 180 F.3d 770, 787-88 (6th Cir. 1999) (no deprivation of liberty interest when, prior to issuance of arrest warrant, summons was mailed to plaintiff upon his failure to appear in response to a parking ticket; hence, plaintiff had no ground for procedural due process claim). Dawson therefore fails to state a claim for deprivation of his procedural due process rights.

### C. Supplemental Jurisdiction Over State Law Claims

Dawson's constitutional claim against Chavez in Count 18 is the only claim against Chavez over which the Court has original jurisdiction. To the extent Dawson alleges a claim for malicious abuse of process under state law, and with regard to his claim for intentional infliction of emotional distress, which sounds only in state law, the Court will decline to exercise supplemental jurisdiction. Chavez will therefore be dismissed from the suit. 28 U.S.C. § 1367(c)(3); Bateman v. City of West

Bountiful, 89 F.3d 704, 709 n.5 (10th Cir. 1996); Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990).

28 U.S.C. § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over a claim, if the court has dismissed all claims over which it has original jurisdiction. Indeed, the Tenth Circuit has stated that dismissal in these circumstances is preferable to retention of jurisdiction. Board of County Comm'rs v. Geringer, 297 F.3d 1108, 1115 n.6 (10th Cir. 2002).

> [T]he most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice – that is the seminal teaching of [here the court cites Supreme Court and Tenth Circuit precedent]. There are of course the best of reasons for a district court's deferral to a state court rather than retaining and disposing of state law claims itself – such factors . . . as judicial economy, fairness, convenience and comity. As this Court has said . . .: 'Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'

Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

By this order, the Court dismisses all claims against Defendant B.A. Chavez over which it has original jurisdiction. There remain federal claims in this case to be resolved against other defendants, but that is not reason enough to retain jurisdiction when other factors argue against it. *See*, Scales v. Sonic Indus., Inc., 887 F. Supp. 1435, 1436 & n.2 (E.D. Okla. 1995) ("Having granted summary judgment on the only federal jurisdiction claims asserted against Sonic, the court declines to exercise supplemental jurisdiction over the pendent state law claims asserted by plaintiffs against Sonic and finds that such claims should be dismissed without prejudice. This order does not affect the viability of plaintiffs' claims against Newton").

28 U.S.C. § 1367(a) gives the Court supplemental jurisdiction over a "pendent party" such

as Chavez, against whom only state law claims are asserted, assuming the Court were to find that the claims against this defendant were "so related" to the claims against the other defendants that they form part of the same case or controversy under Article III.

With no federal constitutional claim remaining against Chavez, Dawson's lawsuit consists of a number of claims against police defendants and a towing company based on an incident occurring on September 25, 2001. The allegations against Chavez are based on her actions in October 2001 and, even before the federal claims were dismissed, involve events only loosely connected with the claims of excessive force and illegal towing which arose from the September 25 incident. The claims against Chavez are not inextricably intertwined with the claims against the other defendants.

The Court finds that it is in the interest of judicial economy and principles of federalism to decline to exercise jurisdiction over the remaining state law claims against Chavez under § 1367(c)(3).

> Section 1367 reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity. [Internal quotation marks omitted].

Gold v. Local 7 United Food & Commercial Workers Union, 159 F.3d 1307, 1310 (10th Cir. 1998).

The determinants of judicial economy and comity argue for dismissal of these state law claims from this federal forum. Convenience is not a factor, as Dawson, Chavez, and the state courts are all located in Albuquerque. There is no statute of limitation problem which might render it unfair to dismiss Dawson's claims at this point; *see*, N.M.S.A. § 41-4-15; 28 U.S.C. § 1367(d). Discovery is still open, and this is not a situation where "substantial time and energy have been expended on the

case prior to the disposition of the federal claims." <u>Anglemyer v. Hamilton County Hosp.</u>, 58 F.3d 533, 541 (10th Cir. 1995). The Court perceives no other unfairness to either party in declining to assume supplemental jurisdiction over these claims. The Court therefore exercises its discretion in favor of dismissing without prejudice Dawson's state law claims for malicious abuse of process and intentional infliction of emotional distress.

## **Order**

IT IS THEREFORE ORDERED that the Court grants Plaintiff's request to make permanent its withdrawal of the prior Order [Doc. 50] dismissing Count 18 of the Complaint;

IT IS FURTHER ORDERED that Defendant Chavez's Motion for Judgment on the Pleadings as to Count 18 [Doc. 38] is granted in part, with respect to Plaintiff's allegations of a constitutional deprivation; and

IT IS FURTHER ORDERED that the Court, having dismissed all federal claims against Chavez, exercises its discretion under 28 U.S.C. § 1367(c) and dismisses without prejudice the remaining state law causes of action against Defendant B.A. Chavez, including those alleged in Counts 18 and 19, and she is hereby dismissed as a party to this action.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge