IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECIL DAWSON,

        Plaintiff,

  vs.                                    CIVIL NO.   02-113 LFG/WWD-ACE

P. IELACQUA, CITY OF
ALBUQUERQUE, E&A KAP,
INC., MARK PADILLA,
NICHOLAS BEGAY, JESUS
BANUELOS and JOE L. GARCIA,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO AMEND COMPLAINT

THIS MATTER is before the Court on Plaintiff's motion to amend complaint [Doc. 84]. The motion is opposed.

Plaintiff Cecil Dawson ("Dawson") seeks to amend the complaint to specifically identify individual officers who were previously designated "Does 1 through 6." In addition, Dawson seeks to add new claims or theories. For the reasons hereafter stated, the motion is granted in part and denied in part.

The motion is granted to the extent Dawson seeks to amend the caption of the complaint to substitute names of individual officers for the previously named Does 1 through 6. The remainder of Dawson's request, however, is denied.

Rule 15 provides that leave to amend should be freely granted in the interests of justice. The Rule, however, is not absolute. For example, if proposed amendments would not survive a motion

to dismiss, the pleading will be rejected. Bauchman v. West High School, 132 F.3d 547, 562 (10th Cir. 1997). Such is the case here. Dawson seeks to amend his complaint so as to assert allegations against public employees that are not cognizable under New Mexico's Tort Claims Act, NMSA 1978 § 41-4-1 *et seq.* Allowing the amendment would be futile. For example, Dawson seeks to add a "retaliation claim" against a governmental employee, P. Ielacqua. No cause of action against a public employee exists for retaliation under New Mexico law, as there is no waiver of immunity for this tort. "[P]laintiff's cause of action must fit within one of the exceptions to the immunity granted to governmental entities and public employees." Begay v. State, 104 N.M. 483, 486, 723 P.2d 2552, 255 (Ct. App. 1985), *rev'd on other grounds sub nom* Smialek v. Begay, 104 N.M. 375, 721 P.2d 1306 (1986). Allowing a state retaliation claim in this lawsuit would be futile, and therefore will not be permitted.

Similarly, Dawson's proposed amended complaint would resurrect other claims which the Court previously dismissed. Dawson's proposed amendments do not come as a result of any newly discovered evidence, and any claims or causes of action which Dawson now seeks to assert could have and, indeed, should have been asserted in his initial complaint. Further, Dawson's proposed amendments involve defendants who have been dismissed entirely from this lawsuit.

Discovery is due to end in this case on December 2, 2002. Allowing an amendment at this late date would necessarily require that the Court modify the case management deadlines in the Initial Pretrial Report. Any modification of the deadlines would result in the Court being unable to bring this matter to a conclusion within the time limits contemplated by the district's Civil Justice Expense and Delay Reduction Plan ("Plan"). This Plan, adopted after enactment of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* ("CJRA"), requires that the two-pronged goals of the CJRA be met.

That is, expeditious disposition of cases and reduction of the costs of litigation. Allowing Dawson's amendments would, of necessity, delay the ultimate disposition of this case and would result in the parties incurring substantial new costs.

Thus, in the exercise of the Court's discretion, the Court determines that the proposed amendments, save for substitution of the individually named officers for the prior Does, would be futile, are tardy and would result in the Court's inability to bring the case to a conclusion within the time limits contemplated by the Plan, and are not consistent with the two-pronged goals of the CJRA.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge