IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECIL DAWSON,

        Plaintiff,

v.                                                                                                                                           No. CIV 02-113 LFG/WWD ACE

P. IELACQUA, CITY OF ALBUQUERQUE,
E & A KAP, INC d/b/a TOWN & COUNTRY
TOWING, and DOES 1-6,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendants P. Ielacqua and the City of Albuquerque's ("Defendants'") "Motion for Summary Judgment on Plaintiff's Claims that the Incident Complained of Caused His Heart Attack and for His Requested Damages as a Result Thereof," [doc. 96], filed October 21, 2002. After careful consideration of the parties' briefs and attachments, as well as the pertinent law, the Court concludes that the motion should be denied.

### Background

*Pro Se* Plaintiff Cecil Dawson's ("Dawson's") complaint arises from incidents relating to a traffic stop that occurred on September 25, 2001, on Yale Avenue near the Albuquerque Airport. Dawson brings a number of federal constitutional claims against Defendants including the allegation

that he was subjected to excessive force during the traffic stop. Dawson contends, in part, that "as a proximate result of [these] acts, plaintiff suffered a heart attack."

Defendants have set forth a number of facts in their supporting Memorandum of Law, including that Defendant P. Ielacqua, an Albuquerque Airport Police Officer, issued two traffic citations to Dawson, that Dawson left the scene, and that police officers chased him, dragged him from the vehicle and held him on the ground. [Doc. 97, p. 2; Plaintiff's complaint] All of these facts appear to be uncontested either because Dawson makes some of the same allegations in his complaint and/or because Dawson did not comply with D.N.M. Civ-LR 56.1(b) by providing a concise statement of the material facts which he contends a genuine issue exists, by numbering the facts in dispute and by referring with particularity to those portions of the record upon which he relied. "All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted." D.N.M. LR-Civ 56.1(b).

Thus, the following facts are uncontested as well. Dawson had open heart surgery on September 28, 2001. Defendants' medical physician, Neal Shadoff, M.D., reviewed Dawson's medical records and concluded, in part, that at the time of the traffic stop, Dawson had "every major risk factor for coronary artery disease, including diabetes mellitus, high blood pressure, high cholesterol, and cigarette smoking." [Doc. 97, ¶ 8.] Dawson had a prior heart attack in September 1997 and had experienced intermittent episodes of angina before the traffic stop incident. [Doc. 97, ¶¶ 9 and 10.] Dawson had multiple severe coronary artery blockages that were not new (at the time of the September traffic stop), and continues to have evidence of atherosclerotic blockages in the carotid arteries as well as the arteries in his legs. [Doc. 97, ¶¶ 11 and 12.] Had Dawson sought medical attention for his symptomatic coronary artery disease prior to the traffic stop, the evaluation

and result would have been the same, i.e., coronary artery bypass surgery ultimately would have been performed. [Doc. 97, ¶ 13.] In addition, Dr. Shadoff opines that Dawson "did not suffer any appreciable or irreversible damage to his heart" when he was taken into custody on September 25, 2001. He further testifies that "there is no question that any physical or emotional distress could have precipitated angina in a patient like Dawson. [Doc. 97, ¶¶ 14 and 15; Shadoff Affidavit, ¶¶ 10 and 11.]

## **Legal Standard**

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598 (1970); Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995). The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).

Once the moving party meets its burden, the party opposing the motion must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S. Ct. 2505, 2510 (1986); Biester v. Midwest Health Servs, Inc., 77 F.3d 1264, 1266 (10th Cir. 1996). The party opposing the motion may not rest upon the mere denials of his pleadings to avoid summary judgment. Fed. R. Civ. P. 56(e); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).

However, the Tenth Circuit has recently explained that the nonmovant's burden to respond arises only where the summary judgment motion is properly "supported." Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002).

> Accordingly, summary judgment is 'appropriate' under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, ' summary judgment must be denied, *even if no opposing evidentiary matter is presented.*

Id. (emphasis in original) (internal citation omitted). Thus, this Court must first decide whether Defendants have met their initial burden of demonstrating that no material issues of fact remain for trial. Id.

## **Analysis**

Defendants contend that they are entitled to partial summary judgment based on their position that because Dawson had a pre-existing heart condition there is no material fact in dispute that the traffic stop incident could not have proximately caused Dawson's heart attack. Defendants do not expressly ask that the Court dismiss any specific cause of action asserted by Dawson. Instead, Defendants request that the Court dismiss "Plaintiff's claims that the incident in question caused his heart attack and for any damages Plaintiff claims as a result of his heart attack." [Doc. 97, p. 7.] While Defendants discuss Dawson's "claims" in terms of a negligence cause of action [doc. 97, p.5], the Court notes that Dawson has not alleged negligence and indeed, cannot assert any state tort claims against these Defendants. [*See* Doc. 102.] Notwithstanding the absence of a state tort claim, Plaintiff has alleged that his heart attack was proximately caused by the incident in question and more specifically, by excessive force used by Defendants. Thus, in order to recover on his claim that

4

excessive force caused his heart attack and related monetary damages, Dawson will have to provide proof of causation.

Defendants claim that Dawson has no competent evidence to support causation and furthermore that their expert physician has testified that Dawson's heart attack was a condition waiting to happen and did not occur as a result of the traffic stop incident.  The problem with Defendants' argument is that their expert did not opine to a reasonable degree of medical certainty that the heart attack did not result from the traffic stop incident, nor did their expert state that Dawson suffered no damage to his heart when he was taken into custody on September 25, 2001.  Instead, Dr. Shadoff testified that Dawson did not suffer "any appreciable or irreversible damage," leaving open the question of whether Dawson suffered *some* damage as a result of the accident.  In addition, Dr. Shadoff testified that "[t]here is no question" that the physical or emotional distress of the arrest could have precipitated angina.  Furthermore, it is undisputed that Dawson did suffer a heart attack at or near the time of the traffic stop incident.  Thus, at this stage of the proceedings where the Court construes the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion for summary judgment, Perry v. Woodward, 199 F.3d 1126, 1131 (10th Cir. 1999), *cert. denied,* 529 U.S. 1110, 120 S. Ct. 1964 (2000), the Court concludes that Defendants failed to meet their initial burden of demonstrating that no material issues of fact remain for trial as to the question of causation.

Notwithstanding this ruling, the Court envisions potential, if not serious, proof problems for Plaintiff on the issue of causation, should this case proceed to trial.  The burden, at trial, rests upon the plaintiff to prove the amount of damages "proximately caused" by the event that forms the basis of his claim or claims.  Dawson cites Figueroa-Torres v. Toledo-Davila, 232 F.3d 270 (1st Cir. 2000)

5

and other cases or treatises for the proposition that the general rule in excessive force claims is that a defendant takes the victim as he is found and is liable for "all damages, even if they might be more severe than would be otherwise due to a preexisting condition." [Doc. 105, p. 3.] However, the First Circuit, in Figueroa-Torres clearly found that the trial court had not improperly substituted the "eggshell skull" doctrine[1] for a finding of causation. Id. at 274. In other words, the plaintiff in that case was still required to put on proof of liability and causation. Id. at 276. Moreover, even under the "eggshell skull" doctrine, that Court explained that "[t]he defendant of course is liable only for the extent to which the defendant's conduct has resulted in an aggravation of the pre-existing condition, and not for the condition as it was; . . . ." Id. at 275 (internal citation omitted). *See* Daniel v. Ben E. Keith Co., 97 F.3d 1329, 1334 (10th Cir. 1996) (jury instruction on preexisting condition appropriate where there is medical evidence that showed a preexisting condition; thus, instruction properly noted that damages were limited to the "additional injury caused by the aggravation.")

Again, if this case proceeds to trial, Dawson will be expected to put on proof that his heart attack was proximately caused by the incident in question. Based on the record before it, it appears that Dawson has not obtained any expert medical testimony to support his position, and it is unclear what objective medical testimony he might have to demonstrate causation or aggravation of a preexisting condition. While expert testimony may not always be necessary to prove the causation prong, this does not appear to be the type of case where such information will be within the common knowledge and experience of a layperson, particularly in view of issues concerning the alleged aggravation of a pre-existing heart condition. *See* Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir.

---

[1] This Court makes no finding as to whether the Tenth Circuit recognizes the "eggshell skull" doctrine in excessive force cases and further notes that it is not bound by decisions issued by the First Circuit Court of Appeals.

1987) (under some circumstances, medical expert opinion is necessary and without it, the court properly withdrew the issue from a jury determination), *cert. denied*, 485 U.S. 991 (1988). *See also* Mastrantuono v. United States, 163 F. Supp. 2d 244, 257 (S.D.N.Y. 2001) (commenting that causation or aggravation of pre-existing injuries must be established by objective medical evidence); Diviero v. Uniroyal Goodrich Tire Co., 919 F. Supp. 1353, 1355-56 (D. Ariz. 1996) (discussing that some issues clearly require expertise in a particular field and specifically that "causation of a heart condition is a medical issue"), *aff'd,* 114 F.3d 851 (9th Cir. 1997). Thus, in the absence of expert medical testimony on causation, this claim may never reach the jury.

In summary, while Defendants' Motion for Summary Judgment on the issue of causation is being denied at this stage of the proceedings, this should not telegraph any message to Dawson that such a claim will be presented to a jury, without the requisite evidence. As discussed above, Dawson will be required to present a legally sufficient evidentiary basis for a reasonable jury to find for him on the issue in question before the claim proceeds to a jury.

Finally, the Court is cognizant that Dawson claims Defendants' motion should have been summarily denied on several technical grounds. The Court does not reach all of these issues. However, it advises both parties to comply with Local Rule 7.4 in the future. Under these circumstances where Defendants apologized for their failure to adhere to that rule and where it was obvious that Dawson did oppose their motion, the Court overrules Dawson's objections as there was no prejudice in reaching the merits of the motion. So, too with Dawson's contention that Defendants' medical expert was not disclosed. By virtue of the Court's denial of the summary judgment motion, Dawson suffered no prejudice and his objections are overruled.

## **Conclusion**

For the reasons stated above, Defendants' Motion for Partial Summary Judgment will be denied.

IT IS THEREFORE ORDERED that Defendants P. Ielacqua's and the City of Albuquerque's ("Defendants'") "Motion for Summary Judgment on Plaintiff's Claims that the Incident Complained of Caused His Heart Attack and for His Requested Damages as a Result Thereof" [doc. 96] is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge